**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 23-52981 |
| | : | |
| Kathryn Bogan | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr. |

### TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE INSIDER PREFERENCE DEMAND

Amy L. Bostic, Trustee in the above-captioned case (Trustee"), hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing her to compromise an insider preference claim against the Debtor's mother, Susan Bogan in the amount of $4,000 ("Transfer"). Under the terms of the proposed compromise, Debtor, Kathryn Bogan will make monthly payments in the amount of $250.00 per month.  Trustee has received the first monthly payment.  Subsequent payments in the amount of $250.00 shall be made beginning ten days after entry of the order approving this motion, with payments then due thirty days thereafter.  Debtor shall also turn over her 2023 federal and state income tax refunds to Trustee to the extent necessary to pay this obligation in full.  Trustee reserves the right to file an adversary proceeding against Susan Bogan if the Debtor does not comply with this settlement.  A memorandum in support of this motion follows.

              Respectfully submitted:
              LUPER NEIDENTHAL & LOGAN
              A Legal Professional Association

              /s/  Kenneth M. Richards
              Kenneth M. Richards, Case Attorney for
              Amy L. Bostic, Trustee
              1160 Dublin Road, Suite 400
              Columbus, OH 43215

(614) 229-4447;  Fax (866) 345-4948
Supreme Court number:  0040455
krichards@LNLattorneys.com

**Memorandum in Support**

Trustee has investigated the Transfer.  Debtor disclosed in her amended statement of financial affairs that she paid $4,000.00 to her mother, Susan Bogan, in May 2023.  Trustee believes that she could avoid the Transfer as an insider preference under Section 547 of the Bankruptcy Code.

Debtor and Trustee have agreed to compromise the issues related the Transfer, subject to Court approval.  Under the terms of the proposed compromise, Debtor, Kathryn Bogan will make monthly payments in the amount of $250.00 per month.  Trustee has received the first monthly payment.  Subsequent payments in the amount of $250.00 shall be made beginning ten days after entry of the order approving this motion, with payments then due thirty days thereafter.  Debtor shall also turn over her 2023 federal and state income tax refunds to Trustee to the extent necessary to pay this obligation in full.  Trustee reserves the right to file an adversary proceeding against Susan Bogan if the Debtor does not comply with this settlement.

Trustee believes that the offer is reasonable and that its acceptance is in the best interest of the bankruptcy estate.  Trustee does not believe that she could obtain significantly higher net proceeds if she were to reject the settlement offer and proceed with the filing of an adversary proceeding against Susan Bogan. Trustee would incur litigation costs, including attorney fees and the $350.00 filing fee. It would also take time to resolve the adversary proceeding.  Trustee does not believe she could collect any judgment obtained more quickly than is proposed in this settlement.

Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the court should approve a compromise after notice and an opportunity for hearing.  The court should approve a compromise if

it is in the best interest of the bankruptcy estate and if the proposed settlement is fair and reasonable under the circumstances. The decision whether to accept or reject a proposed compromise is within the discretion of the bankruptcy court. See e.g. *In re Carson*, 82 B.R. 847 (Bank. S.D. Ohio 1987). The court in *Carson* and other courts, have established the following test to determine whether a proposed compromise is in the best interest of the bankruptcy estate:

1. The probability of success in litigation of the controversy;
2. The likely difficulties in collection of any resulting judgment;
3. The complexity of the litigation involved, and the expense, inconvenience, and delay involved; and
4. The best interests of creditors.

Most courts considering a compromise rely upon the decision of the United States Supreme Court in the case of *Protective Committee for Independent Stockholders of TMP Trailer Berry Inc. v. Anderson*, 390 U.S. 414 (1968). In this case, the Supreme Court directed bankruptcy courts to apprise themselves of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. The Court further directed judges to form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

To be approved, the proposed settlement does not have to be the best possible settlement which the Trustee could have negotiated. Courts only require that it be within a reasonable range of the results of litigation. *In re Penn Central Transportation Company*, 596 F.2d 1102 (3rd Cir. 1979). The bankruptcy court is not required to hold a full evidentiary hearing or a "mini trial" before a compromise can be approved because such a requirement would defeat the purposes of the proposed compromise. See e.g. *DePoister v. Mary M. Holloway Foundation*, 36 F.3d 582 (7th Cir. 1994); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493 (Bank. S.D. NY 1991). The court

should canvas the issues and determine whether the proposed settlement falls below the lowest point in the range of reasonableness. *Drexel Burnham, supra.*

Applying these factors in this case, for the reason set forth above, Trustee believes that the proposed settlement is reasonable and that it should be accepted. Trustee believes she would succeed in an adversary proceeding to recover the Transfer. Trustee is uncertain as to how difficult collection of any judgment would be, but Trustee likely would incur additional costs to collect a judgment. Trustee believes that the proposed settlement is in the best interest of creditors.

For the foregoing reasons, therefore, Trustee respectfully urges this Court to grant his motion.

> Respectfully submitted:
> LUPER NEIDENTHAL & LOGAN
> A Legal Professional Association
>
> /s/  Kenneth M. Richards
> Kenneth M. Richards, Case Attorney for
> Amy L. Bostic, Trustee
> 1160 Dublin Road, Suite 400
> Columbus, OH 43215
> (614) 221-7663  Fax (866) 345-4948
> Supreme Court number:  0040455
> krichards@LNLattorneys.com

## NOTICE OF MOTION

The Trustee has filed a Motion for Authority to Compromise Insider Preference Demand.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the Motion, then on or before **twenty-one 21 days from the date set forth in the certificate of service for the motion**, you must

4

file with the Court a response explaining your position by mailing your response by first-class mail to:

    Clerk of Courts
    United States Bankruptcy Court
    170 N. High Street
    Columbus, OH 43215

OR your attorney must file a response using the Court's ECF System.

The Court must **receive** it on or before the above date.

You must also send a copy of your response either by 1) the Court's ECF System or by 2) first-class mail to:

| Kenneth M. Richards, Case Attorney | Office of the U. S. Trustee |
| for Trustee | 170 N. High Street, Suite 200 |
| Luper, Neidenthal & Logan, LPA | Columbus, OH 43215 |
| 1160 Dublin Road, Suite 400 | |
| Columbus, OH 43215 | |

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief without further notice or hearing.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Authority to Compromise Insider Preference Demand was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and(ii) by **First-Class Mail** on November 14, 2023 addressed to all parties shown on the attached mailing matrix.

    /s/ Kenneth M. Richards
    Kenneth M. Richards, Esq.